# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Sarah Mercado, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| David W. Sunday, Jr., | : | No. 1:21-cv-01631-JPW |
| District Attorney of York County | : | |
| in his official capacity only, | : | |
| | : | |
| and | : | |
| | : | |
| Josh Shapiro, | : | |
| Attorney General of Pennsylvania, | : | |
| in his official capacity only, | : | |
| | : | |
| Defendants. | : | |

## Plaintiff Sarah Mercado's Brief in Opposition to Defendant David W. Sunday's Motion to Dismiss

Aaron D. Martin
Pa. Atty. I.D. No. 76441
Stephen B. Edwards
Pa. Atty. I.D. No. 326453
METTE, EVANS & WOODSIDE
3401 North Front Street
Harrisburg, PA  17110
(717) 232-5000
admartin@mette.com
sbedwards@mette.com

*Attorneys for Plaintiff,*
*Sarah Mercado*

Date: October 21, 2021

## Table of Contents

Table of Authorities …………………………………………………………ii

I.    Factual Background …........……………………........................................1

II.   Counterstatement of Questions Presented………………………..…..……….1

III.  Argument……………………………………………...…………………………..1

      A.    Standard of Review………………………………………………....1

      B.    The Secrecy Mandate is a Content Based Restriction on Speech
Subject to Strict Scrutiny……………………………………………………………...2

      C.    The Government Bears the Burden of Establishing that the Secrecy
Mandate Satisfies Strict Scrutiny…………………………………………………..5

      D.    The Government Bears the Burden of Establishing the Secrecy
Mandate's Satisfaction of Strict Scrutiny As Applied, Which Requires Sunday's
Creation of an Evidentiary Record…………………………………………………7

      E.    Sunday's Interpretation and Application of the Secrecy Mandate
Clearly Demonstrate Mercado's Legal Jeopardy if she Should Engage in
Constitutionally Protected Speech…………………………………………………...12

      F.    The Secrecy Mandate is Facially Unconstitutional
and Overly Broad………………………………………………………………………15

IV.   Conclusion……………………………………………………………………20

*Certificate of Word Count*

# Table of Authorities

**<u>CASES</u>**

*ACLU v. Mukasey,* 534 F.3d 181 (3d Cir. 2008)..............................................6

*Ashcroft v. ACLU,* 542 U.S. 656 (2004)....................................................7, 9

*Ashcroft v. Iqbal*, 556 U.S. 662 at 675 (2009)...................................................2

*Bartnicki v. Vopper,* 532 U.S. 514 (2001)............................................. 3, 4, 9

*Binderup v. Att'y Gen. United States of Am.,* 836 F.3d 336 (3d Cir. 2016)....................................................................................13

*Bruni v. City of Pittsburgh,* 824 F.3d 353 (3d Cir. 2016) ................... 7, 8, 15

*Burson v. Freeman,* 504 U.S. 191 (1992).....................................................6, 7

*Butterworth v. Smith*, 494 U.S. 624 (1990) .....................................................4

*Citizens United v FEC,* 558 U.S. 310 (2010) .................................................15

*Consolidated Edison Co. of N.Y. v. Public Serv. Comm'n of N.Y.*, 447 U.S. 530 (1980) ...............................................................5, 6

*Doe v. City of Albuquerque,* 667 F.3d 1111 (10th Cir. 2012)......................15

*Hill v. Colorado*, 530 U.S. 703 (2000).........................................................13

*Hinton v. Devine*, 633 F. Supp. 1023 (E.D. Pa. 1986) ........................... 17, 18

*Landmark Communications, Inc. v. Virginia*, 435 U.S. 829 (1978) ..............4

*Mayer v. Belichick,* 605 F.3d 223 (3d Cir. 2010) ................................... 1, 2, 8

*Minneapolis Star & Tribune Co. v. Minnesota Comm'r of Revenue*, 460 U.S. 575 (1983) ...............................................................5

*NAACP v. Button*, 371 U.S. 415 (1963) ......................................................17

*New York Times Co. v. Sullivan,* 376 U.S. 254 (1964) .................................19

*New York Times Co. v. U.S.,* 403 U.S. 713 (1971)................................. 11, 12

*Peck v. McCann,* Civil Action No. 19-cv-03450-RBJ, 2021 WL
    927639 *1 (D. Colo. March 11, 2021) ..................... 4, 5, 9

*Playboy Entm't Grp.,* 529 U.S. 803 (2000)....................................10

*R.A.V. v. St. Paul,* 505 U.S. 377 (1992)....................................6

*Reed v. Town of Gilbert,* 576 U.S. 155 (2015) ............................... 5, 6, 13, 14

*Reilly v. City of Harrisburg,* 858 F.3d 173 (3d Cir. 2017).......................7, 13

*Santiago v. Warminster Twp.*, 629 F.3d 121 (3d Cir. 2010) .........................2

*Simon & Schuster, Inc. v. Members of New York State Crime
    Victims Bd.*, 502 U.S. 105 (1991).......................................5, 6

*Smith v. Daily Mail Pub. Co.*, 443 U.S. 97 (1979)...........................7

*Stilp v. Contino*, 613 F.3d 405 (3d Cir. 2010) .................................6

*U.S. v. Stevens*, 559 U.S. 460 (2010).......................................5

*U.S. v. Williams,* 553 U.S. 285 (2008) .................................... 16, 18

*United States v. Robel*, 389 U.S. 258 (1967)...............................18

*United States v. Treasury Emps.,* 513 U.S. 454 (1995)..................................9

*V.B.T. v. Fam. Servs. of W. Pennsylvania*, 705 A.2d 1325 (Pa.
    Super. 1998) ................................................. 12, 17

*Ward v. Rock Against Racism*, 491 U.S. 781 (1989)............................ 12, 13

*Washington State Grange v. Washington State Republican Party,*
    552 U.S. 442 (2008) ........................................15

*Williams-Yulee v. Florida Bar*, 575 U.S. 433 (2015)....................................6

*Wood v. Georgia*, 370 U.S. 375 (1962)........................................4

## **STATUTES**

23 Pa. C.S. § 6349(b)………………….................……………………*passim*

23 Pa. C.S. § 6303 ............................................................................16

## CONSTITUTIONAL PROVISIONS

U.S. Const. amend. I ……………………………………………*passim*

## OTHER AUTHORITIES

"Person," Black's Law Dictionary (11th ed. 2019)......................................16

## I.    Factual Background

Because the Court is considering a motion to dismiss under Rule 12(b)(6),

the well-pleaded allegations of the complaint are considered true.  Accordingly, the

allegations of the complaint filed by Plaintiff Sarah Mercado ("Mercado") against

Defendant David J. Sunday, Jr. ("Sunday"), are incorporated herein by reference.

## II.    Counterstatement of Questions Presented

*Whether Plaintiff has pleaded a proper as applied challenge to the Secrecy Mandate.*

Suggested answer: **yes**

*Whether Plaintiff has pleaded a proper facial challenge to the Secrecy Mandate.*

Suggested Answer: **yes**

## III.    Argument

### A.    Standard of Review

In reviewing a motion to dismiss under Rule 12(b)(6) the Court "must accept

all factual allegations in the complaint as true, construe the complaint in the light

most favorable to the plaintiff, and ultimately determine whether plaintiff may be

entitled to relief under any reasonable reading of the complaint."  *Mayer v.*

*Belichick,* 605 F.3d 223, 229 (3d Cir. 2010).  The Court must "consider only the

complaint, exhibits attached to the [c]omplaint, matters of public record, as well as

1

undisputedly authentic documents if the [plaintiff's] claims are based upon these

documents." *Id.* at 230.

A three-step analysis applies.

First, the court must take note of the elements a plaintiff must plead to
state a claim. Second, the court should identify allegations that,
because they are no more than conclusions, are not entitled to the
assumption of truth. Finally, where there are well-pleaded factual
allegations, a court should assume their veracity and then determine
whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Ashcroft*

*v. Iqbal*, 556 U.S. 662 at 675, 679 (2009)).

Mercado's complaint meets the standards for pleading a cause of action

under 42 U.S.C. § 1983 alleging a denial of her right of free speech under the First

Amendment.  The motion to dismiss must accordingly be denied.

## B.    The Secrecy Mandate is a Content Based Restriction on Speech Subject to Strict Scrutiny

Mercado has challenged the following provision of Pennsylvania's Child

Protective Services Law ("CPSL"),

A person who willfully releases or permits the release of any
information contained in the Statewide database or the county agency
records required by this chapter to persons or agencies not permitted
by this chapter to receive that information commits a misdemeanor of
the second degree. Law enforcement officials shall insure the
confidentiality and security of information under this chapter. A
person, including a law enforcement official, who violates the
provisions of this subsection shall, in addition to other civil or
criminal penalties provided by law, be denied access to the
information provided under this chapter.

23 Pa. C.S. § 6349(b) ("Secrecy Mandate").

Mercado wishes to maintain the publication of certain documents ostensibly covered by the Secrecy Mandate ("CYF Documents") concerning the action—or inaction—of the York County Office of Children, Youth and Families ("York County CYF) in response to a report of suspected abuse of her deceased nephew, Dante.  By prohibiting the publication of the content of governmental record and database information—already in the hands of private citizens—the Secrecy Mandate prohibits Mercado's speech.  The Secrecy Mandate's prohibition is targeted at the content of the CYF Documents and the subject matter covered therein.  As written and as applied by Sunday, the Secrecy Mandate puts off-limits all discussion by Mercado of what the CYF Documents themselves reveal the action or inaction of York County CYF to protect Dante prior to his tragic death.

"[I]f the acts of 'disclosing' and 'publishing' information do not constitute speech, it is hard to imagine what does fall within that category[.]"  *Bartnicki v. Vopper,* 532 U.S. 514, 527 (2001) (cleaned up).  Mercado's disclosure and publication of the CYF Documents are speech about the workings of government; they were either generated or maintained by York County CYF or the Pennsylvania Department of Human Services ("Pa DHS") in response to a report of suspected abuse of Dante.  They chronicle the government's response—or lack thereof—to such report.  Mercado wishes to use the CYF Documents *inter alia* in

support of her advocacy against York County CYF and in support of Bowie's innocence.  Compl. ¶¶ 17, 23.

"[I]nformation relating to alleged governmental misconduct [is] speech which has traditionally been recognized as lying at the core of the First Amendment."  *Butterworth v. Smith*, 494 U.S. 624, 632 (1990) (citing *Landmark Communications, Inc. v. Virginia,* 435 U.S. 829, 838 (1978); *Wood v. Georgia*, 370 U.S. 375, 388–389 (1962)).  Like political speech, truthful speech on matters of public concern such as a government entity's failure to fulfill a duty to investigate allegations of abuse "implicates the core purposes of the First Amendment." *Bartnicki,* 532 U.S. at 534.

The Secrecy Mandate unquestionably targets the disclosure of specific subject matter, namely, "any information contained in the Statewide database or the county agency records."  23 Pa. C.S. § 6349(b).  Its prohibition applies based on the topic of an individual's speech – whether the speech's content is contained in the Pennsylvania Department of Human Services' statewide database or county agency records.

In interpreting a nearly identical state statute, the U.S. District Court for the District of Colorado found that a challenged Colorado statute imposed a content based restriction because "[i]ts prohibition on disclosure…applie[d] based on topic – whether the speech is contained in reports or records of child abuse[.]"  *Peck v.*

4

*McCann,* Civil Action No. 19-cv-03450-RBJ, 2021 WL 927639 *1, *16 (D. Colo. March 11, 2021).  It follows then that the Secrecy Mandate is likewise content based, presumptively unconstitutional and subject to strict scrutiny.  *Reed v. Town of Gilbert,* 576 U.S. 155, 163 (2015).

C.    **The Government Bears the Burden of Establishing that the Secrecy Mandate Satisfies Strict Scrutiny**

Content based regulation of speech occurs where the government attempts to regulate "particular speech because of the topic discussed or the idea or message expressed." *Reed,* 576 U.S. at 163.  A government defendant bears the burden of rebutting the presumption of the unconstitutionality of such a content based restriction.  *U.S. v. Stevens*, 559 U.S. 460, 468 (2010) (citations omitted).  An affected party need adduce "no evidence of an improper censorial motive" in order to challenge a restriction on speech.  *Simon & Schuster, Inc. v. Members of New York State Crime Victims Bd.*, 502 U.S. 105, 117 (1991) (citing *Minneapolis Star & Tribune Co. v. Minnesota Comm'r of Revenue*, 460 U.S. 575, 592 (1983)).  Even regulations "aimed at proper governmental concerns can restrict unduly the exercise of rights protected by the First Amendment." *Id*. (quoting *Minneapolis Star*, 460 U.S. at 592).

It is well established that "[t]he First Amendment's hostility to content-based regulation extends not only to restrictions on particular viewpoints, but also to prohibition of public discussion of an entire topic." *Reed*, 576 U.S. at 169

5

(quoting *Consolidated Edison Co. of N.Y. v. Public Serv. Comm'n of N.Y.,* 447 U.S. 530, 537 (1980)). "Thus, a speech regulation targeted at specific subject matter is content based even if it does not discriminate among viewpoints within that subject matter." *Id.*

"[A]s a general matter, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *Stilp v. Contino*, 613 F.3d 405, 409–10 (3d Cir. 2010) (citing *Ashcroft v. ACLU,* 535 U.S. 564, 573 (2002) (internal quotation marks omitted)). "Content-based laws—those that target speech based on its communicative content—are presumptively unconstitutional and may be justified only if the government proves that they are narrowly tailored to serve compelling state interests." *Reed*, 576 U.S. at 163 (citing *R.A.V. v. St. Paul,* 505 U.S. 377, 395 (1992); *Simon & Schuster, Inc. v. Members of N.Y. State Crime Victims Bd.,* 502 U.S. 105, 115 (1991)).

To survive strict scrutiny, a statute restricting speech must "(1) serve a compelling governmental interest; (2) be narrowly tailored to achieve that interest; and (3) be the least restrictive means of advancing that interest." *Stilp,* 613 F.3d at 409 (quoting *ACLU v. Mukasey,* 534 F.3d 181, 190 (3d Cir. 2008)). Such standard is exacting, and the Supreme Court has noted that "it is the rare case in which a State demonstrates that a speech restriction is narrowly tailored to serve a compelling interest." *Williams-Yulee v. Florida Bar*, 575 U.S. 433, 444 (2015)

(quoting *Burson v. Freeman,* 504 U.S. 191, 211 (1992) (plurality opinion) (internal

quotation marks omitted)).  Stated otherwise, a subsequent penal sanction for

prohibited speech "requires the highest form of state interest to sustain its validity."

*Smith v. Daily Mail Pub. Co.*, 443 U.S. 97, 101–02 (1979).  To justify punishment

of publication of information after an event, the government must demonstrate that

"punitive action was necessary to further the state interests asserted."  *Id*. (citing

cases).

> **D.    The Government Bears the Burden of Establishing the Secrecy
> Mandate's Satisfaction of Strict Scrutiny As Applied, Which
> Requires Sunday's Creation of an Evidentiary Record**

In First Amendment cases "the government bears the burden of proof on the

ultimate question of [a statute's] constitutionality[.]"  *Reilly v. City of Harrisburg,*

858 F.3d 173, *as amended* June 26, 2017 (3d Cir. 2017) (citing *Ashcroft v. ACLU,*

542 U.S. 656, 666 (2004)).  This necessarily requires "a meaningful record

demonstrating that [proposed alternatives] would fail to alleviate the problems

meant to be addressed" by the Secrecy Mandate.  *Bruni v. City of Pittsburgh,* 824

F.3d 353, 371 (3d Cir. 2016).  This singular requirement alone defeats Sunday's

motion to dismiss, for axiomatically no such record can be created in the absence

of an evidentiary hearing.  Yet Sunday is not permitted to create an evidentiary

record in support of a motion to dismiss under Rule 12(b)(6).  Such a motion can

only test the sufficiency of the allegations in the complaint, leaving no room for the creation of an evidentiary record. *Mayer, supra.*

Sunday asks the Court to resolve this matter based on his naked assertion that "the prohibition on the unauthorized release of any information promulgated by §6349(b) is the least restrictive means for enforcing the Commonwealth's compelling interest." Sunday Br. in Supp. of Mot. to Dismiss, p. 14. Sunday urges the Court to look beyond the pleadings to consider extraneous evidence, including proposed lesser restrictive alternatives like civil penalties or employment consequences Sunday claims would be ineffective. *See id.* at 13. Such argumentation is permissible only on the basis of an evidentiary record and requires judicial fact-finding.

As observed by the Third Circuit, heightened scrutiny would be rendered meaningless in the context of reviewing a restriction on speech if the courts "did not ask the government, at the very least, to justify its choice to prohibit speech where substantially less burdensome alternatives are available." *Bruni,* 824 F.3d at 370, n.18. This requires, at a minimum, Sunday's creation of an evidentiary record wherein he must sustain his defense in the face of the exacting rigors of strict scrutiny analysis.

While it is true that the Commonwealth of Pennsylvania generally has a compelling interest in preventing child abuse, such interest is not advanced by

enforcing the Secrecy Mandate against Mercado under the circumstances of the present case. The information Mercado wishes to maintain as presently published and further distribute has already been released to the public through Facebook. Compl. ¶ 18. Any hypothetical interest the government might assert as justification for the complete prohibition imposed by the Secrecy Mandate has been mooted by actual history as the CYF Documents are now within the public domain. The government must articulate an interest "far stronger than speculation about serious harms." *Bartnicki,* 532 U.S. at 531 (quoting *United States v. Treasury Emps.,* 513 U.S. 454, 475 (1995)).

In addition to failing to serve a compelling interest grounded on more than a perceived threat to the government's goal of preserving confidentiality, the Secrecy Mandate falls short of being "narrowly tailored" to serve that purpose because the Commonwealth cannot show that its enforcement against Plaintiff is the "least restrictive means among available, effective alternatives." *Ashcroft v. ACLU,* 542 U.S. 656, 666 (2004); see also *Peck, supra,* 2021 WL 927639 at *17 (finding that the statute at issue was not narrowly tailored because the statute "criminalize[d] disclosure of any information contained within reports or records of child abuse or neglect.").

On its face, the Secrecy Mandate applies to all people and restricts the release of all information contained in the database with very limited statutory

exceptions.  Sunday's attempt to offer explanation as to why certain alternatives would be inadequate to serve the government's interest may not be credited at this stage without an evidentiary record developed by Sunday for the Court's consideration.  "When a plausible, less restrictive alternative is offered to a content-based restriction, it is the Government's obligation to *prove* that the alternative will be ineffective to its achieve its goals." *Playboy Entm't Grp.,* 529 U.S.  803, 816 (2000) (italics added).  Sunday has not explained why increased penalties for unauthorized government employee disclosure, targeted protective orders from disclosure or civil penalties are insufficient to deter improper disclosure.  Nor can Sunday do so on a Rule 12(b)(6) motion, for such requires evidentiary proof, not mere hypothesizing.

Although Sunday points to avenues available to Plaintiff in which to air her grievances, namely citizen review panels and initiating an investigatory review of the county agency by the Commonwealth Department of Human Services, these mechanisms amount to nothing more than a red herring.  Def.'s Br. in Supp. of Mot. to Dismiss, pp. 13-14.  That Mercado might have resort to protesting the government's failures to other government actors fails to articulate why her political speech on matters of public importance is subject to criminal penalty when the same information is already available to the public.  Mercado only

wishes to continue further advocacy and maintain publication information lawfully obtained and already in the public domain.

Forcing a citizen into the cattle shoot of government review processes as an alternative to free speech is not at all in accord with the Supreme Court's view of the importance of direct citizen speech unfiltered by government processes. See *New York Times Co. v. U.S.,* 403 U.S. 713, 723-24 (1971) ("The dominant purpose of the First Amendment was to prohibit the widespread practice of governmental suppression of embarrassing information … It is common knowledge that the First Amendment was adopted against the widespread use of the common law of seditious libel to punish the dissemination of material that is embarrassing to the powers-that-be.") (Douglas, J., concurring). Mercado wishes to draw her own conclusions—and express them—and make her own statements about the matter regardless of whatever an internal government investigation might conclude or publicly state. That is part of the beauty of being an American citizen who enjoys the freedoms protected by the First Amendment.

Likewise, Sunday incorrectly asserts the Secrecy Mandate's constitutionality by arguing that "[i]n a scenario where, as here, the releasing party is attempting to place blame on another, the proper venue for doing so is in court and in front of a jury, not in the court of public opinion." Def.'s Br. in Supp. of Mot. to Dismiss at 19. The purpose of the press and the publication of information is "to serve the

11

governed, not the governors." *New York Times Co.*, 403 U.S. at 717 (Black, J., concurring).  The First Amendment was drafted and enacted in order to protect the press and permit it to fulfill its essential role to "censure the Government" and "bare the secrets of the Government and inform the people" of any deception. *Id.*

E.    **Sunday's Interpretation and Application of the Secrecy Mandate Clearly Demonstrate Mercado's Legal Jeopardy if She Should Engage in Constitutionally Protected Speech**

There is no doubt that Sunday might again apply the prohibitions of the Secrecy Mandate to Mercado's speech and publication in light of the actual prosecution brought against her for such conduct.  Compl. ¶¶ 18, 24.  Sunday interprets the Secrecy Mandate to prohibit any private party in whose hands the CYF Documents may come, or to whom they are available, from disclosing the same.  Def. Sunday Brief in Support of Mot. to Dismiss, p. 16 (citing *V.B.T. v. Fam. Servs. of W. Pennsylvania*, 705 A.2d 1325, 1334 n.13 (Pa. Super. 1998) ("[t]his broad language extends the duty of confidentiality to all persons who come into possession of protected information.")).

In urging this Court to apply intermediate scrutiny under *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989), Sunday commits a fundamental error of

constitutional law and advocates an analytical process expressly rejected by the

Supreme Court for evaluating restrictions on speech such as the Secrecy Mandate.[1]

Precisely to the contrary of Sunday's argument, the Supreme Court has

stated, "*Ward*'s framework 'applies only if a statute is content neutral.'" *Reed v.*

*Town of Gilbert, Ariz.*, 576 U.S. 155, 167 (2015) (quoting *Hill v. Colorado,* 530

U.S. 703, 766 (2000) (KENNEDY, J., dissenting)).  "*Ward* had nothing to say

about facially content-based restrictions because it involved a facially content-

*neutral* ban on the use, in a city-owned music venue, of sound amplification

systems not provided by the city." *Id.* at 166-67 (citing *Ward*, 491 U.S. at 787, and

n.2).  The restriction contained in the Secrecy Mandate is content based, placing

off-limits for discussion the content of the CYF Documents Mercado wants to

continue publish, rendering an intermediate analysis under *Ward* inapplicable.

No legislative motivation behind a restriction on speech can be considered

where a restriction is facially content based.

---

[1]  Mercado notes that even if intermediate scrutiny would apply to the Secrecy Mandate, her complaint still cannot be dismissed on a motion under Rule 12(b)(6), because the government bears the burden of proving satisfaction of even intermediate scrutiny, something that cannot be done on pleadings alone but rather requires an evidentiary hearing. *Binderup v. Att'y Gen. United States of Am.,* 836 F.3d 336, 353 (3d Cir. 2016) ("whether we apply intermediate or strict scrutiny … the Government bears the burden of proof on the appropriateness of the means it employs to further its interest"); *Reilly v. City of Harrisburg,* 858 F.3d 173, 180 n.5 (3d Cir. 2017) ("the government must justify its restriction on speech under whatever level of scrutiny is appropriate (intermediate or strict) given the restriction in question").

Innocent motives do not eliminate the danger of censorship presented by a facially content-based statute, as future government officials may one day wield such statutes to suppress disfavored speech. That is why the First Amendment expressly targets the operation of the laws—*i.e.,* the "abridg[ement] of speech"—rather than merely the motives of those who enacted them. U.S. Const., Amdt. 1. " 'The vice of content-based legislation ... is not that it is always used for invidious, thought-control purposes, but that it lends itself to use for those purposes.' "

*Id*. (citation omitted).

Thus, in appealing to the putative motivation behind the Secrecy Mandate, Sunday incorrectly ignores the facially content based restriction on Mercado's speech.  Yet Sunday does this, all the while acknowledging that the Secrecy Mandate extends to the very content Mercado wishes to communicate.  Compare Sunday Brief in Supp. of Mot. to Dismiss, p. 14 ("There is nothing restricting Plaintiff's speech on this or any other child abuse matter *so long as she does not release information contained in CYF reports*.") (italics added) with Compl., ¶ 23 ("*Mercado desires to publish and further distribute to the public* in York County and beyond the CYF Documents she has already published to Facebook in order to further publicize York County CYF's failures and in further advocacy of Bowie's innocence.") (italics added).  As the Supreme Court stated clearly in *Reed*, content based laws include laws targeting speech merely based on its communicative content.  576 U.S. at 163.  The Secrecy Mandate prohibits speech on the basis of content.

14

### F.     The Secrecy Mandate is Facially Unconstitutional and Overly Broad

The distinction between a facial and as applied challenge is one which "goes to the breadth of the remedy provided, but 'not what must be pleaded in the complaint.'"  *Bruni,* 824 F.3d at 363 (quoting *Citizens United v FEC,* 558 U.S. 310, 331 (2010)).  The Supreme Court often considers facial challenges by simply applying the relevant constitutional test to the challenged statute while foregoing the exercise of dreaming up hypothetical situations under which enforcement of the statute might be valid.  *Id.* (citing *Doe v. City of Albuquerque,* 667 F.3d 1111, 1124-25 (10th Cir. 2012) (collecting cases)).  Accordingly, "where a statute fails the relevant constitutional test (such as strict scrutiny []), it can no longer be constitutionally applied to anyone—and thus there is 'no set of circumstances' in which the statute would be valid."  *Id.* (quoting *Doe,* 667 F.3d at 1127).  "The relevant constitutional test, however, remains the proper inquiry."  *Id*.  As shown *supra*, the Secrecy Mandate fails strict scrutiny analysis.

In the First Amendment context a second type of facial challenge also exists "whereby a law may be invalidated as overbroad if 'a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'"  *Id.* (citing *Washington State Grange v. Washington State Republican Party,* 552 U.S. 442, 449 n.6 (2008) (internal quotation marks omitted)).

15

To determine whether a statute prohibits substantially more speech in relation to its legitimate sweep, the Court must apply a two-step test.  The first step requires the Court to construe the statute to determine what speech the statute covers.  *U.S. v. Williams,* 553 U.S. 285, 293 (2008).

The Secrecy Mandate is broad and undefined in nearly all of its most critical terms.  The Secrecy Mandate provides that any "*person* who willfully releases or permits the release of *any information* contained in the Statewide database or the county agency records … to persons or agencies not permitted by this chapter to receive that information commits a misdemeanor of the second degree."  23 Pa. C.S. § 6349(b) (italics added).  The CPSL does not contain any definition of "person," so the Secrecy Mandate facially applies to the entirety of the general public.  See 23 Pa. C.S. § 6303 (definitions); see also "Person," Black's Law Dictionary (11th ed. 2019) (defining "person" as "a human being").  Nor does the Law define "information," meaning it facially criminalizes the disclosure of every piece of information contained in the statewide database and county records, no matter how innocuous or insignificant, and without regard to whether the information is already public knowledge and the subject of prolonged public debate and availability on a publicly accessible website.  *Cf.* Compl. ¶¶ 19, 41. (alleging that the Secrecy Mandate is overbroad because it criminalizes a private

citizens publication, republication, distribution and sharing of documents otherwise in such citizen's possession, whether lawfully or unlawfully).

As stated by the Pennsylvania Superior Court, "This broad language extends the duty of confidentiality to all persons who come into possession of protected information." *V.B.T. v. Family Services*, 705 A.2d at 1334 n. 13.  Such a prohibition would thus gag the entire citizenry of the United States (and the world) from ever discussing the contents of all information within its scope.

Sunday, admitting to the broad reach of the Secrecy Mandate and its application to anyone releasing information contained within the State database, *see* Def's Br. in Supp. of Mot. to Dismiss at 17, nevertheless seems to urge the Court to engage in some kind of limiting statutory construction to interpret the Act in a manner that would dispose of Mercado's claims as a matter of law.  But any limiting construction by the Court would be inappropriate at this stage in litigation. *See Hinton v. Devine*, 633 F. Supp. 1023, 1036 (E.D. Pa. 1986) (observing that saving statutory construction "is usually followed where a reviewing court, to avoid facial invalidation of a statute, looks to the construction and application of the challenged language by a lower court or an authoritative state court") (citing *NAACP v. Button*, 371 U.S. 415 (1963)).  Rather, "where there has been no prior construction of the terms of a challenged statute or regulation, the Supreme Court has refused to rewrite it in order to make it conform to the Constitution, holding

17

that such is the function of the legislating body." *Id.* (citing *United States v. Robel*, 389 U.S. 258 (1967)). "In short, the *sine qua non* of any court's applying a 'limiting construction' is some authoritative interpretation and example of how a challenged regulation has been applied." *Id.*

The second step in the overbreadth analysis requires the Court to determine whether the statute, as construed, "criminalizes a substantial amount of protected expressive activity." *Williams,* 553 U.S. at 297.

Clearly, the Secrecy Mandate criminalizes a vast amount of speech, prohibiting dissemination, publication and discussion of the content of any and all "information" in the public domain generated by, or originating in, state or county children, youth and families databases and records, thereby excluding such information from public debate and scrutiny. In an attempt to defend the Secrecy Mandate's legality, Defendant Sunday points out that a "the sheer number of states that necessarily employ a similarly broad application of this kind of prohibition to protect the confidentiality of child abuse information." Def.'s Br. in Supp. of Mot. to Dismiss at 19.

The Secrecy Mandate is substantially overbroad and constitutionally defective on its face precisely because it would criminalize the speech of citizens like Mercado who wish to use documents now in the public domain in support of criticism of government action (or inaction). Such criticism is salutary for our

18

republic.  "[D]ebate on public issues should be uninhibited, robust and wide-open" even if including "vehement, caustic and sometimes unpleasantly sharp attacks on government and public officials."  *New York Times Co. v. Sullivan,* 376 U.S. 254, 270 (1964).

Because Plaintiff has pleaded facts showing that the Secrecy Mandate is constitutionally defective and a substantially overbroad prohibition on speech, defendant's motion as to this issue must be denied.

**IV.    Conclusion**

Mercado is an aunt who wants to fight for the memory of her deceased nephew in the face of the asserted failures of York County CYF and to fight to protect a man she believes is innocent of a murder charge.  It is difficult to conceive of more noble purposes to which speech about the workings of government could be put.

The Secrecy Mandate's unconstitutionally overly broad restriction on speech on its face, as well as Sunday's actual prosecution of Mercado for speech about the CYF Documents, and ongoing threat of renewed prosecution, substantially burdens Mercado's intended exercise of her own right of free speech if she should maintain the publication of or discuss the CYF Documents.

The Court must accordingly deny Sunday's motion to dismiss.

Respectfully submitted,

**METTE, EVANS & WOODSIDE**

By: _____
Aaron D. Martin
Pa. Atty. I.D. No. 76441
Stephen B. Edwards
Pa. Atty. I.D. No. 326453
3401 North Front Street
Harrisburg, PA  17110
(717) 232-5000
admartin@mette.com
sbedwards@mette.com

*Attorneys for Plaintiff,*
*Sarah Mercado*

Date: October 21, 2021.