# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH MERCADO,<br>*Plaintiff*<br><br>v.<br><br>DAVID W. SUNDAY, Jr.,<br>DISTRICT ATTORNEY OF YORK<br>COUNTY, in his official capacity<br>only, and JOSH SHAPIRO,<br>ATTORNEY GENERAL OF<br>PENNSYLVANIA, in his official<br>capacity only<br>*Defendants* | CIVIL ACTION NO. 1:21-cv-01631 |

## REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

AND NOW, this 25th day of October, 2021, comes Defendant, David W. Sunday, Jr., by and through his attorneys, Summers Nagy Law Offices, and files this Reply Brief in Support of Motion to Dismiss:

**I.   ARGUMENT**

Defendant Sunday's analysis regarding the constitutionality of 23 Pa. C. S. §6349(b) is fully set forth in his Brief in Support of Motion to Dismiss, and Defendant will rest on that analysis without repeating it herein.

**A. PECK IS FACTUALLY DISTINGUISHABLE FROM THIS CASE.**

Plaintiff cites to Peck v. McCann, 525 F. Supp. 3d 1316 (D. Colo. 2021) to guide this Court, but it is important to note that, in addition to the issues with the Peck Court's legal conclusions regarding the level of scrutiny to be applied to a

statute such as this one, there are material factual differences between that case and the instant one. In Peck, the plaintiff was an attorney who had made statements to a news organization of her opinion regarding the local child welfare organization's performance in investigating a client. Id., 525 F. Supp. 3d at 1328-9 (D. Colo. 2021). She never faced prosecution for these statements, but wished to make similar statements in the future and sought guidance on the applicability of the law. Id. Though the prosecution of such speech would undoubtedly be cause for concern in the context of an attorney representing a client, the Peck Court did not apply the law in the same context as this Plaintiff's requested relief. Here, the laws in question are intended to protect child abuse information that has not been released. The Peck Court seemed to concern itself with confidential identifying information, but that does not fully encompass the information that states have an interest in protecting. Thus, while Peck can be a guiding factor, it is, nonetheless, distinguishable.

### B. AN EVIDENTIARY RECORD IS NOT REQUIRED TO MAKE A DETERMINATION ON DEFENDANT SUNDAY'S MOTION.

Plaintiff cites to Bruni v. City of Pittsburgh, 824 F.3d 353 (3d Cir. 2016) as apparently creating a requirement of an evidentiary record before decisions on cases such as this one are made. In fact, the Bruni Court seemed to acknowledge that such a requirement would not always be appropriate, noting: "there may be cases in which it is clear—before any evidence is produced regarding the

government's history of attempting and considering alternatives—that the chosen regulation is reasonably narrowly tailored under intermediate scrutiny." Id., 824 F.3d at 372 n. 20.

The instant case is one such case. The creation of an evidentiary record would be a futile effort. Simply put, it is already clear without evidence that criminal penalties are necessary to ensure that no individual unlawfully releases child abuse information.

Interestingly, Plaintiff claims the possibility of, among other ineffective alternatives, "targeted protective orders from disclosure."[1] This argument is problematic and disingenuous. Court orders by themselves contain no deterrent effect. There must be tools at the government's disposal for enforcement of those orders, such as criminal or civil penalties. Further, it would seem that Plaintiff likely does not believe in the efficacy of protective orders for the protection of child abuse information. On or about October 12, 2021, the Honorable Gregory M. Snyder of the York County Court of Common Pleas issued an order in Tyree Bowie's criminal case prohibiting the dissemination or distribution of "discovery materials and/or Confidential Child Protective Services records related to D.M." A

---

[1] It is unclear what logistical burden that Plaintiff is suggesting that this Court place upon the Commonwealth's Court of Common Pleas. It does not take much imagination to recognize the burden that would be placed upon the Court of Common Pleas under any scenario that Plaintiff might be suggesting.

copy of said order is attached hereto as Exhibit A.  The order was directed to "any individuals," and Plaintiff's counsel was to be provided with copies.  Despite Plaintiff's apparent belief that court orders are acceptable as less restrictive means, she has filed suit in this Court against Judge Snyder challenging the order.[2]  A true and correct copy of the Complaint in that action is attached hereto as Exhibit B.  This position should be seen as devaluing to Plaintiff's arguments on alternative means of enforcement.

### C. PROPER INTERPRETATION OF THE APPLICATION OF 23 Pa. C. S. §6349(b) HINGES ON THE MEANING OF THE WORD RELEASE.

Based upon the above analysis and that which was set forth in Defendant Sunday's Brief in Support of Motion to Dismiss, 23 Pa. C. S. §6349(b) passes constitutional muster under both intermediate and strict scrutiny analysis.  Under the simple facial challenge analysis set forth in Bruni, applying those levels of scrutiny to the statute is sufficient to conclude that 23 Pa. C. S. §6349(b) is in fact valid on its face.

Assuming *arguendo* that the Court does not follow the Bruni facial challenge analysis, the more in-depth analysis set forth in United States v. Stevens, 559 U.S. 460, 473 should be applied once again.  As set forth at length in

---

[2] Literally, when the process plays out in a manner that Plaintiff is suggesting, her response is to not accept the order. Rather, her response was to sue the judge issuing the order that she, apparently, contemplates this Court ordering.

Defendant Sunday's Brief in Support of Motion to Dismiss, the use of the word "release" is critical to the application 23 Pa. C. S. §6349(b).  Plaintiff points frequently to the fact that certain information may already be available to the public, be it by means of criminal prosecution, publication by the press, or some other source.  The problem with Plaintiff's analysis is her subsequent assumption that she or any other individual could then be punished for something as simple as the discussion of such information.  The dramatic assertion that "[s]uch a prohibition would thus gag the entire citizenry of the United States (and the world) from ever discussing the contents of all information within its scope" is simply inaccurate.  This is not a possibility based upon the language of §6349(b).

    Release is used in the statute as both a verb and a noun modifying the verb "permit."  Without the word release, the statute would not describe the action that is being prohibited and punished, and would accordingly be devoid of purpose or meaning.  This importance lends itself to the understanding that the statute only punishes the *release* of information, or, as set forth in Defendant Sunday's Brief in Support of Motion to Dismiss, the act of making that information public.  It does not concern itself with discussion of public information or any other act which involves information already available to the public.  It bears repeating that Plaintiff has not and never will be punished for criticizing the performance of any government body, including CYF.

In Section D of her Brief in Opposition to Motion to Dismiss, Plaintiff misconstrues the language of Defendant Sunday's Brief in Support of Motion to Dismiss. The relevant portion of Defendant Sunday's Brief states "[i]n a scenario where, as here, the *releasing* party is attempting to place blame on another, the proper venue for doing so is in court and in front of a jury, not in the court of public opinion." Def. Br. In Supp. of Mot. to Dismiss, pg. 19 (emphasis added). "Releasing" is the operative word in the quoted sentence. Once again, nothing is stopping Plaintiff from making any statement regarding who she feels is responsible for the death of her nephew, so long as she does not continue to release protected information.

## II.   CONCLUSION

Defendant, David W. Sunday, Jr., respectfully requests that this Honorable Court grant his Motion to Dismiss and dismiss Plaintiff's claims with prejudice.

    Respectfully submitted,

    SUMMERS NAGY LAW OFFICES

    */s/Sean E. Summers*
By: _____
    Sean E. Summers, PA I.D. 92141
    35 South Duke Street
    York, PA 17401
    (717) 812-8100
    Fax: (717) 812-8108
    E-Mail:
    ssummers@summersnagy.com
Dated: October 25, 2021    *Counsel for Defendant Sunday*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH MERCADO, *Plaintiff* | : : : |
| v. | : : : |
| DAVID W. SUNDAY, Jr., DISTRICT ATTORNEY OF YORK COUNTY, in his official capacity only, and JOSH SHAPIRO, ATTORNEY GENERAL OF PENNSYLVANIA, in his official capacity only *Defendants* | : : : : : : : : : |

CIVIL ACTION NO. 1:21-cv-01631

## CERTIFICATE OF SERVICE

I, Sean E. Summers, Esquire, hereby certify that on this 25th day of October, 2021, a true and correct copy of the foregoing Reply Brief in Support of Motion to Dismiss has been served upon the following parties via First-Class Mail, addressed as follows:

| | |
|---|---|
| Aaron D. Martin, Esquire<br>Stephen B. Edwards, Esquire<br>Mette, Evans & Woodside<br>3401 North Front Street<br>Harrisburg, PA 17110<br>*Counsel for Plaintiff* | Nicole R. DiTomo, Esq.<br>Pennsylvania Office of the Attorney General<br>1000 Madison Avenue, Suite 310<br>Norristown, PA 19403<br>*Counsel for Defendant Shapiro* |

                Respectfully submitted,

                SUMMERS NAGY LAW OFFICES

                   */s/Sean E. Summers*
        By: _____
                Sean E. Summers, PA I.D. 92141
                35 South Duke Street
                York, PA 17401
                (717) 812-8100
                Fax: (717) 812-8108
                E-Mail:
                ssummers@summersnagy.com
Dated: October 25, 2021      *Counsel for Defendant Sunday*